UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN ALLEN HALL | CIVIL ACTION NO. 6:10-cv-1306 |
| VS. | SECTION P |
| | JUDGE DOHERTY |
| RONALD DAUTERIVE, ET AL. | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

*Pro se* plaintiff John Allen Hall, proceeding *in forma pauperis*, filed the instant civil rights complaint on August 9, 2010. Plaintiff is a pre-trial detainee in the custody of the Lafayette Parish Sheriff, who is awaiting trial on felony charges pending in the Louisiana Fifteenth Judicial District Court.  Plaintiff names Ronald Dauterive, the Assistant District Attorney who is prosecuting plaintiff's felony case, Valerie Garrett, plaintiff's court-appointed Public Defender, Roy Givens, an investigator with the Public Defender's Office, Fifteenth Judicial District Court Judge Jules Edwards, and Lafayette Parish Sheriff Department Sergeants Michael Andrus and Jack Lightfoot as defendants. Plaintiff  primarily complains that his right to a speedy trial has been violated.  He prays for "relief at the discretion of this Court, also charges filed against Asst. Dist. Attorney as per the Citizen's Protection Act of 1998, [and] charges and disbarment of Valerie Garrett and other defendants . . . ."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing

orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B)(i), (ii), and (iii).

## Background

Plaintiff is awaiting trial in the Fifteenth Judicial District Court on two counts of failing to register as a sex offender. He contends that his prosecution was delayed 12 months, from January 2007 to January 2008, and then, again, for 14 months, from May 2009 until the date he filed his Complaint. Plaintiff claims that these delays exceed the two-year statute of limitations[1], and faults the State for obtaining numerous continuances.

Plaintiff has apparently filed a *pro se* Motion for Speedy Trial in the Fifteenth Judicial District Court. He apparently wishes to supplement the instant civil rights Complaint with the facts alleged in the State Court pleading. In his Motion for Speedy Trial, attached to this civil rights Complaint, plaintiff alleges that Dauterive continued the hearing on plaintiff's Motion to Quash; that Garrett lied to plaintiff about the status of his Motion and, that she conspired with the prosecutor and thus deprived plaintiff of his right to a speedy trial. Plaintiff also accuses Garrett of "intentionally neglecting" plaintiff's rights, including his right to trial by jury, and further accuses her of spending too little time speaking to him about his case. Plaintiff apparently faults Given for failing to investigate his defense; he faults Judge Edwards for granting the continuances.

---

[1] Actually, this is the Louisiana speedy trial requirement.

In a Supplemental Complaint, filed on August 26, 2010, plaintiff faults Sergeants Andrus and Lightfoot for committing perjury in connection with reports involving plaintiff and when they testified at a pre-trial hearing.

## Law and Analysis

*Screening*

When a prisoner is permitted to proceed *in forma pauperis* in a civil rights action filed pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v.*

*Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has filed a Complaint and Supplemental Complaint alleging facts which he believes entitle him to relief. He has pled his best case. However, for the reasons which follow, plaintiffs' claims are subject to dismissal as frivolous, as failing to state a claim upon which relief can be granted, and as seeking monetary damages from defendants who are immune from such relief.

*Habeas Corpus relief*

**Speedy Trial**

Plaintiff's prayer for relief is unclear. To the extent that plaintiff seeks enforcement of his right to a speedy trial, such relief is not available in a civil rights action. Plaintiff may ask a federal court to enforce his right to a speedy trial, however, he must raise such claims in an action filed pursuant to 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 200, 224 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (same).

However, before seeking *habeas corpus* relief in this federal court, plaintiff must first exhaust available state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 488-89, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Dickerson*, 816

F.2d at 224. The exhaustion requirement is satisfied only when all grounds urged in a federal petition have been previously presented to the State's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Thus, in order to exhaust his speedy trial claim, plaintiff would have to seek relief first in the Fifteenth Judicial District Court, and only then, if not satisfied, he would have to seek discretionary relief in the Third Circuit Court of Appeals and, finally, the Louisiana Supreme Court. This plaintiff has not done.

For these reasons, to the extent that plaintiff seeks enforcement of his speedy trial rights in this civil rights action, he has failed to state a claim for which relief may be granted.

**Damages -Immunity and Non-State Actor**

To the extent that plaintiff may seek money damages, his claims fare no better.

**Judicial Immunity**

Judges enjoy absolute judicial immunity from liability arising out of performance of their judicial duties[2], regardless of bad faith. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages.

---

[2]Acts are judicial in nature if they are (1) normal judicial functions, (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. *Mireles, supra; Brewer v. Blackwell*, 692 F.2d 387, 396-397 (5th Cir. 1982).

*Mireles*, 502 U.S. at 11. A plaintiff's "[d]isagreement with the action taken by a judge . . . does not justify depriving that judge of his immunity, nor does the fact that tragic consequences ensue from the judge's action deprive him of his absolute immunity." *Stump*, 435 U.S. at 356-57. "A judge will not be deprived of immunity because he was in error, took action maliciously or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Brandley v. Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995); *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir. 1991). With respect to jurisdiction, the issue "is whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356-57, 98 S.Ct. at 1105.

Judge Edwards is presiding over plaintiff's criminal prosecution, and, in that capacity, has decided motions filed in the case and granted the continuances of plaintiff's trial. Accordingly, plaintiff's claims against Judge Edwards clearly arise out of the performance of his judicial duties. Moreover, as a Louisiana District Court Judge, Judge Edwards has original subject matter jurisdiction to hear all state criminal and civil matters. La. Const. Art. 5 §16. In presiding over plaintiff's criminal prosecution and deciding motions and issues in that case, Judge Edwards is exercising the authority vested in him by the Constitution and statutory law of the State of Louisiana on a case pending before him in the court of general jurisdiction to which he was elected. Accordingly, it is clear that Judge Edwards did not act "in the clear absence of all jurisdiction". Because

plaintiff's claim against Judge Edwards is directed at actions undertaken in the performance of his judicial duties in a case pending before him, to the extent that plaintiff may seek money damages from Judge Edwards, his claim is barred by the doctrine of absolute judicial immunity.

**Prosecutorial Immunity**

Likewise, criminal prosecutors enjoy absolute immunity from claims asserted under § 1983 for actions taken in "the initiation and pursuit of a criminal prosecution, including presentation of the state's case . . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993); *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir. 1997); *Graves v. Hampton*, 1 F.3d. 315, 317 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *see also Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 508-09 (1997); *Spivey v. Robertson*, 197 F.3d 772, 775 (5th Cir. 1999). The Supreme Court has held, "acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 272, 113 S.Ct. at 2615. Accordingly, actions associated with the judicial phase of the criminal process, including "actions preliminary to the initiation of a prosecution and actions apart from the courtroom . . ." are entitled to absolute immunity. *Id.* 509 U.S. at 271-272, 113 S.Ct. at 2614-2615.

Thus, the Fifth Circuit has held that "[p]rosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Graves,* 1 F.3d at 318; *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Moreover, absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) *citing Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987). This is so because a prosecutor should not be distracted by threat of subsequent, time consuming and duplicative civil rights actions when performing duties of his office. *Imbler*, 424 U.S. at 424-426, 96 S.Ct. at 992-93; *Brummett*, 946 F.2d at 1181.

Because plaintiff's claim against Assistant District Attorney Dauterive is directed at actions taken by him in pursuit of a criminal prosecution as advocate for the State of Louisiana, to the extent that plaintiff may seek money damages from Dauterive, his claim is barred.

**Witness Immunity**

To the extent that plaintiff faults Sergeants Andrus and Lightfoot for allegedly providing perjured testimony at various pre-trial hearings, these officers are entitled to absolute immunity from suit for claims related to their testimony. "Witnesses, including police officers, are . . . shielded by absolute immunity from liability for their allegedly perjurious testimony." *Enlow v. Tishomingo County*, 962 F.2d 501, 511 (5th Cir. 1992) *citing Briscoe v. LaHue*, 460 U.S. 325, 346, 103 S.Ct. 1108, 1121, 75 L.Ed.2d 96 (1983).

Thus, to the extent that plaintiff may seek money damages from Sergeants Andrus and Lightfoot, his Complaint should be dismissed.

**Non-State Actors**

Plaintiff's claims against Garrett and Givens are also without a basis in law. To prevail on a civil rights claim, an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). Thus, they are generally not subject to suit under § 1983. The same is true with respect to Public Defender Investigator Givens. As a member of the public defenders' staff, Givens, like Garrett, is not a state actor within the meaning of § 1983.

Plaintiff alleges that his attorney, Garrett, violated his civil rights by failing to properly assist him as counsel, and more specifically, by failing to properly assist him in his quest to obtain a speedy trial, and that Givens apparently failed to properly investigate his case to assist his defense. Plaintiff's allegations of constitutional violations clearly arise out of Garrett's representation of him in a pending criminal prosecution. Plaintiff has failed to show that his attorney, Garrett, was a state actor or that Garrett was acting under color of law at the time she allegedly violated plaintiff's rights, or that Givens, who was assisting Garrett in plaintiff's defense, was a state actor acting under color of law at the time of the alleged Constitutional violations.

Further, there is no factual basis to support any claim of a conspiracy between Garrett, the prosecutors, Dauterive, and/or Judge Edwards to support a claim of state action. *See Mills,* and *Marts supra.*; *See also Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Marts*, 68 F.3d at 136 (same); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee, supra*.

For these reasons, plaintiff's civil rights claims against his defense attorney, Garrett, and her investigator, Givens, should be dismissed as failing to state a claim upon which relief may be granted.

**Injunctive Relief - Criminal Charges / Disbarment**

Plaintiff has prayed for the disbarment of his court-appointed attorney, Garrett, and Dauterive, the Assistant District Attorney who is prosecuting his case, and further requests that criminal charges be filed against them and all other defendants.

Decisions whether to prosecute or file criminal charges against another individual are made by the executive branch of government and lie within the prosecutor's total discretion; private citizens do not have a constitutional right to have an individual criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Benoit v. Cain*, 2010 WL 897247, *1 (W.D. La. 2010).

Plaintiff expressly requests that Dauterive be prosecuted under the Citizens' Protection Act. Presumably, plaintiff is referring to Title 28 U.S.C. § 530B which provides, "An attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State." *Id*. at 530B(a). The term "attorney for the Government" refers to certain Federally employed attorneys. *See* 28 C.F.R. § 77.2(a). Mr. Dauterive, an Assistant District Attorney for the State of Louisiana, is not is not emplyed by the United States and is therefore not subject to the Act.

Dauterive and Garrett are, as members of the Louisiana Bar, are subject to the disciplinary rules established by the Supreme Court. Under Louisiana law, complaints against attorneys must be filed with the Louisiana Attorney Disciplinary Board, the agency established by the Louisiana Supreme Court "to administer the lawyer discipline and disability system." *See* Supreme Court Rule XIX, § 2(A); *see also* § 11 which authorizes disciplinary counsel to screen and investigate complaints of attorney misconduct. Ultimately, the decision to disbar, suspend, admonish, or otherwise sanction a member of the Louisiana Bar, is committed to the authority of the Louisiana Supreme Court. *Se*e Rule XIX, § 10.

For these reasons, plaintiff's Complaint, insofar as it seeks prosecution and disbarment, must be dismissed for failing to state a claim for which relief may be granted.

In light of the above;

**IT IS RECOMMENDED THAT** plaintiff's civil rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief might be granted, and for seeking relief against defendants who are immune from suit, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on November 3, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

13